**Albert William DEMORAN,**
**Plaintiff-Appellant,**

v.

**F.A. WITT and John Does 1–4.**
**Defendants-Appellees.**

**No. 84–5919.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 4, 1985.*

Decided Dec. 10, 1985.

As Amended Jan. 24, 1986.

App.P. 34(a) and 9th Cir.R. 3(f).

**156**

Albert W. Demoran, pro se.

Paul N. Bruce, Deputy Co. Counsel, San Diego, Cal., for defendants-appellees.

Before GOODWIN, NELSON and HALL, Circuit Judges.

AMENDED OPINION

CYNTHIA. HOLCOMB HALL, Circuit Judge:

Albert Demoran filed suit in federal district court under 42 U.S.C. § 1983 alleging that F.A. Witt, a probation officer for the State of California, deprived him of federal rights under color of state law through Witt's filing of an erroneous presentencing report. Read liberally, the complaint states that Witt, with malice and in bad faith, filed with a California state court a report containing deliberately false statements and that, as a result, Demoran received an improperly long sentence. The district court granted summary judgment in favor of Witt during a hearing at which Demoran was absent. Appeal was timely, 28 U.S.C. § 1291. We affirm.

I

We review a district court's grant of summary judgement *de novo. Lojek v. Thomas,* 716 F.2d 675, 677 (9th Cir.1983). A defendant is entitled to summary judgment if, viewing the evidence in the light most favorable to the opposing party, no genuine issue of material fact remains for trial and if the party requesting summary judgment is entitled to prevail under the applicable law. *Friends of Endangered Species, Inc. v. Jantzen,* 760 F.2d 976, 981 (9th Cir.1985).

II

Demoran contends both that material factual disputes remain to be decided in this case and that the trial judge misapplied the relevant law. We disagree.

A

■ Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process. In determining whether an officer falls within the scope of absolute judicial immunity, the courts have adopted a "functional approach," *Harlow v. Fitzgerald,* 457 U.S. 800, 810, 102 S.Ct. 2727, 2734, 73 L.Ed.2d 396 (1982), one that turns on the nature of the responsibilities of the officer and the integrity and independence of his office. As a result, judicial immunity has been extended to federal hearing officers and administrative law judges,[1] federal and

---

1. *Butz v. Economou,* 438 U.S. 478, 513, 98 S.Ct.   2894, 2914, 57 L.Ed.2d 895 (1978).

state prosecutors,[2] witnesses,[3] grand jurors,[4] and state parole officers.[5]

We have held that probation officers preparing reports for the use of state courts possess an absolute judicial immunity from damage suits under section 1983 arising from acts performed within the scope of their official duties. *Burkes v. Callion,* 433 F.2d 318, 319 (9th Cir.1970), *cert. denied,* 403 U.S. 908, 91 S.Ct. 2217, 29 L.Ed.2d 685 (1971) (*"Burkes"*). Recently, however, the Supreme Court has declined to extend absolute judicial immunity to members of a Prison Discipline Committee. *Cleavinger v. Saxner,* —— U.S. ——, 106 S.Ct. 496, 88 L.Ed.2d 507, (1985) (*"Cleavinger"*). The instant case requires us to reevaluate our prior holding in *Burkes* in light of the Court's decision in *Cleavinger.*

In *Cleavinger,* the Supreme Court relied upon the six nonexclusive factors first articulated in *Butz v. Economou,* 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978) (*"Butz"*) to reach its result. These factors are characteristics of functions that are inherently judicial and that require absolute as opposed to qualified immunity. They are: "(a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." *Cleavinger,* —— U.S. at ——, 106 S.Ct. at 501.

In applying these factors in the context of Prison Discipline Committee members, the Court relied primarily on two factors favoring the extension of only qualified immunity to these officers. First, the committee members were not "independent." *Id.* They were employees of the warden, the officer responsible for reviewing the decisions of the Committee. *Id.* They were also co-workers of the employee lodging the charge against the inmate. *Id.* Second, the Court noted the lack of procedural safeguards surrounding Committee decisions. *Id.* at ——, 106 S.Ct. at 504. Inmates were afforded neither a lawyer nor an independent nonstaff representative. There was no right to compulsory process nor was there a right to cross-examine witnesses. There was no discovery or defined burden of proof. The inmate was not provided a verbatim transcript, and hearsay evidence was freely admitted. *Id.* These factors required the extension of only qualified immunity to the Committee members.

This case, however, presents a situation fundamentally different from the one before the Court in *Cleavinger.* Probation officers preparing presentencing reports serve a function integral to the independent judicial process. Like parole board members, they act as "an arm of the sentencing judge." *Id.* at ——, 106 S.Ct. at 502 (quoting *Sellars v. Procunier,* 641 F.2d 1295, 1302 n. 15 (9th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981) (*"Sellars"*)). The duty of these probation officers is to engage in impartial fact-gathering for the sentencing judge. The officer is required by law to "investigate and report to the court ... upon the circumstances of the crime and the prior history and record of the person, which may be considered *either in aggravation or mitigation of the punishment.*" Cal. Penal Code § 1203(b) (West 1985) (emphasis added). The prospect of damage liability under section 1983 would seriously erode the officer's ability to carry out his independent fact-finding function and thereby impair the sentencing judge's ability to carry out his judicial duties. *Dennis v.*

**2.** *Yaselli v. Goff,* 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927); *Imbler v. Pachtman,* 424 U.S. 409, 424–26, 96 S.Ct. 984, 992–93, 47 L.Ed.2d 128 (1976).

**3.** *Briscoe v. LaHue,* 460 U.S. 325, 335, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983).

**4.** *Imbler v. Pachtman,* 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 991 n. 20, 47 L.Ed.2d 128 (1976).

**5.** *Sellars v. Procunier,* 641 F.2d 1295, 1303 (9th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981).

*Sparks,* 449 U.S. 24, 31, 101 S.Ct. 183, 188, 66 L.Ed.2d 185 (1980).

Further, a plethora of procedural safeguards surround the filing of a presentencing report. The report is reviewed by the sentencing judge. It is also made available to the defendant and his counsel at least nine days prior to the hearing, and the report becomes part of the record. Cal.Penal Code § 1203(b) (West 1985). If the defendant does not have counsel, the court must order the probation officer preparing the report to discuss its contents with the defendant. *Id.* § 1203(c). Finally, the length of the sentence imposed is reviewable on appeal and by writ of habeas corpus. *Sellars,* 641 F.2d at 1303.

These factors lead us to conclude that the *Butz* factors as animated by the Court's decision in *Cleavinger* militate in favor of absolute judicial immunity for the probation officers here. Consequently, we now reaffirm the principles announced in *Burkes* and hold specifically that probation officers preparing presentencing reports for state court judges are entitled to absolute judicial immunity from personal damage actions brought under section 1983.

**B**

 Absolute immunity fails to attach to judicial officers only when they act clearly and completely outside the scope of their jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). Allegations of malice or bad faith in the execution of the officer's duties are insufficient to sustain the complaint when the officer possesses absolute judicial immunity. *Dennis v. Sparks,* 449 U.S. 24, 31, 101 S.Ct. 183, 188, 66 L.Ed.2d 185 (1980). Any contrary rule would undermine the officer's ability to use his independent judgment during the execution of his responsibilities without fear of suit before another tribunal. *Id.*

■ Because we have determined that probation officers preparing presentencing report are covered by the judicial immunity

doctrine, the only issue left to be resolved for the purposes of summary judgment is whether Witt was acting pursuant to state law in his filing of the presentencing report. Demoran does not dispute that the state court requested Witt to prepare the presentencing report nor does he dispute that the report was prepared pursuant to California statute. Cal.Penal Code § 1203 (West 1985). Consequently, any actions taken by Witt pursuant to his state statutory duty to provide a presentencing report are covered by the judicial immunity doctrine.

**III**

Demoran also appeals the grant of summary judgment because he was denied an opportunity to appear at the hearing.[6] We review the district court's denial of Demoran's motion to attend the hearing for abuse of discretion. *McKinney v. Boyle,* 447 F.2d 1091, 1094 (9th Cir.1971) ("*McKinney* ").

■ A plaintiff in a civil suit who is confined in state prison at the time of a hearing has no absolute right to appear personally. *Potter v. McCall,* 433 F.2d 1087, 1088 (9th Cir.1970). Because Demoran had notice of the hearing and submitted a written memorandum in opposition to summary judgment, the district court did not abuse its discretion in denying his motion to attend. *See McKinney,* 447 F.2d at 1094.

For the reasons stated, the district court's grant of summary judgment is

AFFIRMED.

---

**6.** Demoran was incarcerated at the San Diego County Jail when the hearing was conducted.