972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ennis E. WHITE, Petitioner-Appellant,
v.
CITY OF SAN DIEGO, et. al., Respondent-Appellees.
 No. 91-55912.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 27, 1992.*
Decided Aug. 4, 1992.
 
 Before WRIGHT, FARRIS, and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ennis E. White appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 complaint prior to service and without prejudice. In his complaint, White alleged that the San Diego Police Department provided false information that was submitted at White's arraignment. The court held that the police officers were absolutely immune. We affirm.
 
 
 3
 In Demoran v. Witt, 781 F.2d 155 (9th Cir.1986), Demoran alleged that Witt, a California probation officer, filed an erroneous presentence report. We noted that "[c]ourts have extended absolute judicial immunity ... to officers whose functions bear a close association to the judicial process," id. at 156, and held that Witt was absolutely immune. In other words, parties who otherwise enjoy limited immunity enjoy absolute "quasi-judicial" immunity when their conduct relates to a core judicial function. See Antoine v. Byers & Anderson, Inc., 950 F.2d 1471, 1474 (9th Cir.1991) (immunity of court reporters), petition for cert. filed, No. 91-7604 (Mar. 11, 1992).
 
 
 4
 White alleges that the false information provided by the police officers--Detective Mike Conto in particular--was submitted at his arraignment. Based on the information, Pretrial Services recommended that White not be released pending trial. In providing the information to Pretrial Services, the police officers were implementing a judicial function. See id. White was able to contest the accuracy of the information at the arraignment proceedings. See Burns v. County of King, 883 F.2d 819, 823 (9th Cir.1989) (quasi-judicial immunity supported by availability of adversarial process and judicial supervision).
 
 
 5
 White argues that a pro se plaintiff must be given an opportunity to amend his or her complaint before it is dismissed. A pro se litigant must be given an opportunity to amend his complaint "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (internal quotation omitted). The police officers were absolutely immune from damages arising out of the information that they provided to Pretrial Services. We understand White's arguments, but the deficiencies of his complaint could not have been cured by amendment.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3