979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OREGON STATE, Plaintiff-Appellee,
v.
Edward E. ALLEN, Defendant-Appellant.
 No. 91-36333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Nov. 20, 1992.
 
 Before TANG, BRUNETTI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Edward Allen appeals the district court's dismissal of his 42 U.S.C. § 1983 action. We affirm.
 
 
 3
 * Appellant brought the instant action in forma pauperis against the State of Oregon Probation Department and JoAnn Price, an employee of that department, under 42 U.S.C. § 1983. He complains that Ms. Price "has written a presentence investigation report that is incorrect and contains serious libelous material," and has thereby violated appellant's constitutional rights. By way of relief, appellant requests the court to "correct this information and award plaintiff one million dollars."
 
 
 4
 The district court dismissed appellant's complaint on several alternative grounds. Appellant now appeals that dismissal.
 
 II
 
 5
 We review a district court's dismissal of a complaint for frivolousness pursuant to 28 U.S.C. § 1915(d) (1988) for abuse of discretion. Denton v. Hernandez, --- U.S. ----, 112 S.Ct. 1728, 1734 (1992).
 
 
 6
 28 U.S.C. § 1915(d) authorizes the federal courts to dismiss a claim filed in forma pauperis "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." A complaint is "frivolous" under 1915(d) if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Because we find that appellant's claim embraces an "inarguable legal conclusion," we agree that appellant's complaint was properly dismissed as frivolous.
 
 
 7
 Appellant has named in his complaint the State of Oregon Probation Department, and JoAnn Price. Neither a state nor a state official acting in her official capacity are "persons" within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 & 71 (1989). As a result, no transgression committed by a state or its official acting in an official capacity is remediable in a § 1983 action. It is therefore impossible for appellant to propound an arguable legal basis for relief under that section.
 
 
 8
 In light of the greater latitude we afford the pleadings of parties proceeding pro se, we also consider appellant's complaint as if it named only appellee Price in her individual capacity. In Demoran v. Witt, 781 F.2d 155 (9th Cir.1986), we noted that "probation officers preparing presentencing reports for state court judges are entitled to absolute judicial immunity from personal damage actions brought under section 1983." Id. at 158. That is the situation now before us.
 
 
 9
 We are convinced that appellant's present action presents the precise type of inarguable legal theory § 1915(d) was designed to discourage. In fact, the United States Supreme Court in Neitzke referred explicitly to "claims against which it is clear that the defendants are immune from suit" to exemplify the class of claims which meet the "indisputably meritless legal theory" test for frivolousness under such § 1915(d). 490 U.S. at 327.
 
 
 10
 Further, we agree with the conclusion of the district court that no amendment can cure these defects in appellant's complaint. See Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir.1987). We cannot say that the district court abused its discretion in dismissing with prejudice plaintiff's complaint as frivolous under 28 U.S.C. § 1915. Accordingly, the order of the district court is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3