19 F.3d 25
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee Max BARNETT, Plaintiff-Appellant,
v.
J.C. SIMMS, et al., Defendants-Appellees.
 No. 93-15193.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 9, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lee Max Barnett, a condemned California state prisoner, appeals pro se the district court's summary judgment in favor of the defendant prison officials in his 42 U.S.C. Sec. 1983 civil rights action. Barnett claims that the defendants violated the Eighth Amendment by inadequately treating his hernia and his asthma. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Barnett contends that the district court erred by granting summary judgment on his claim regarding hernia surgery and by failing to address his claim for damages regarding confiscation of his hernia support. These contentions lack merit.
 
 
 4
 We review de novo the district court's award of summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). "We must decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). "The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial." Harper, 877 F.2d at 731 (citation omitted).
 
 
 5
 Prison employees violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Delay in treatment amounts to deliberate indifference if it causes substantial harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 6
 On January 4, 1990, Barnett filed a complaint alleging that the defendants had refused to give him a hernia support and that he needed hernia surgery. On February 20, 1990, the district court found that the support had been provided and ordered the defendants to have a physician examine the hernia. Hernia surgery was performed on April 10, 1990. On May 19, 1992, the district court denied the defendants' motion for summary judgment because there were "genuine issue[s] of facts about whether the defendants['] denial or postponement of plaintiff's hernia operation on the ground that he is [a] condemned prisoner constitutes deliberate indifference to his medical needs." The district court subsequently granted summary judgment on December 28, 1992.
 
 
 7
 Barnett's medical records indicate that on December 1, 1988, prison doctors examined him and determined that he had a hernia. On June 20, 1989, they determined that surgery was not required because the hernia "easily reduced." On December 5, 1989, a doctor checked with a prison administrator about sending Barnett out of the prison for surgery, and the administrator stated that surgery was "impossible unless [Barnett had a] life threatening condition." The doctor prescribed a hernia groin support, which Barnett did not receive until the week of February 5, 1990.
 
 
 8
 On March 6, 1990, a prison doctor reported that Barnett "has a right inguinal hernia which is asymptomatic. He has been issued a truss which he wears periodically. The hernia is easily reducible. It is my opinion that no surgical intervention is required." Surgery nonetheless was performed on April 10, 1990. The surgeon noted that Barnett "complained of a large bulge in the right groin since May 1986, which has been getting larger."
 
 
 9
 The defendants also filed the declaration of Robert Prentice, a prison doctor, who stated: "After reviewing Barnett's medical records it is my professional opinion that he has received adequate and appropriate medical treatment for his hernia."
 
 
 10
 The record does not establish that the defendants' two-month delay in providing the hernia support amounted to deliberate indifference to Barnett's serious medical needs. See Estelle, 429 U.S. at 106. Barnett argues that without the support he risked strangulation of the hernia, but he did not establish that the delay in providing the support actually caused substantial harm. See Wood, 900 F.2d at 1335.
 
 
 11
 The first indication that a doctor was considering hernia surgery was on December 5, 1989. The surgery was not performed until four months later, and Barnett argues that he suffered unnecessary pain during this time. Nonetheless, the record does not establish that the delay caused Barnett substantial harm. See id. He does not dispute that the surgery was successful. Accordingly, the district court did not err by granting summary judgment as to Barnett's claims regarding treatment of his hernia. See Alaska Airlines, Inc., 948 F.2d at 539; Harper, 877 F.2d at 731.
 
 
 12
 Barnett also contends that the district court erred by granting summary judgment on his claim regarding asthma treatment and by failing to address his claim regarding confiscation of his asthma medication inhaler. These contentions lack merit.
 
 
 13
 In his complaint, Barnett alleged that an inhaler had been prescribed but had not been provided to him. On February 20, 1990, the district court ordered "that defendants provide to plaintiff the inhaler prescribed by the treating physician. However, the provision and use of the inhaler shall be subject to reasonable restrictions to insure order and security." On May 19, 1992, the district court found that Barnett had received the inhaler and no longer had asthma. The district court nonetheless denied the defendants' motion for summary judgment on the issue whether he was entitled to damages because the defendants delayed providing the inhaler. The district court granted summary judgment on this issue on December 28, 1992.
 
 
 14
 Barnett's medical records indicate that on December 13, 1988, a prison doctor determined that Barnett's asthma was not controlled by his current dose of TheoDur. Dr. Prentice stated in his declaration that TheoDur was the medication theophylline. The treating doctor decided upon a treatment plan of "theophylline level" and "inhaler." The treating doctor prescribed TheoDur on January 6, 1989, and he prescribed a refill on June 20, 1989; he did not prescribe an inhaler. On March 6, 1990, the treating doctor noted: "No wheezing now, lungs are clear. Inmate states that he does not need an inhaler now, however he has been issued an inhaler which is available to him on an as needed basis."
 
 
 15
 The record does not establish any delay in providing any prescribed inhaler. We affirm the district court's finding of no deliberate indifference to Barnett's serious medical needs in connection with his asthma. See Estelle, 429 U.S. at 106.
 
 
 16
 Barnett further contends that the district court erred by failing to address his purported claims regarding the defendants' insults and their retaliation for his lawsuits. This contention lacks merit because Barnett's complaint does not include these claims. We also reject Barnett's contention that the district court erred by refusing to permit him to attend a status conference, see Demoran v. Witt, 781 F.2d 155, 158 (9th Cir.1986) (district court has discretion to deny prisoner's request to appear in civil case), and his contention that the district court erred by refusing to appoint him counsel, see Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (district court may appoint counsel in exceptional circumstances).
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3