24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Daniel Patrick RAWLINS, Plaintiff-Appellant,
v.
Jeanne OLSON, Probation Officer; Adult Probation
Department; State of Arizona, Defendants-Appellees.
 No. 93-16686.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 21, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Patrick Rawlins appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action for failure to state a claim. He contends the district court erred by finding the defendants absolutely immune from suit and by denying his post-judgment motion. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the dismissal of an action under Fed.R.Civ.P. 12(b)(6). Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Review is limited to the contents of the complaint, and all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1990). An action may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quotations omitted)
 
 
 4
 First, Rawlins contends that the district court erred by finding the defendants absolutely immune from suit. This contention lacks merit.
 
 
 5
 In his complaint, Rawlins claimed that he was entitled to damages because the defendants violated his First Amendment rights by mentioning his views regarding marijuana in his presentence report (PSR) and recommending a higher sentence on the basis of those views. He named as defendants Jeanne Olson, the probation officer who prepared the PSR; her employer, the Adult Probation Department for the Superior Court of Arizona; and the State of Arizona.
 
 
 6
 Probation officers preparing PSRs for the use of state courts possess absolute quasi-judicial immunity from damage suits under Sec. 1983, so long as their acts are within the scope of their official duties. Demoran v. Witt, 781 F.2d 155, 157-58 (9th Cir.1986) (citing Cleavinger v. Saxner, 474 U.S. 193 (1985)); cf. Antoine v. Byers & Anderson, Inc., 113 S.Ct. 2167, 2171-72 (1993) (court reporters not absolutely immune because they are not part of the judicial function). Accordingly, the district court did not err by finding that defendant Olson was absolutely immune from suit. The district court also properly dismissed the action as to the Adult Probation Department, see Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (liability of supervisors under Sec. 1983), and the State of Arizona, see Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity).
 
 
 7
 Second, Rawlins concedes in his reply brief that "Appellees are correct in saying that Appellant's initial reasons for seeking amendment [of his complaint] were insufficient to allow it." He contends, however, that the district court erred by denying his subsequent Fed.R.Civ.P. 59(e) motion, in which he "made himself more clear." This contention also lacks merit.
 
 
 8
 We review the denial of a Rule 59(e) motion to alter or amend the judgment for abuse of discretion. Carter v. United States, 973 F.2d 1479, 1488 (9th Cir.1992).
 
 
 9
 After the defendants filed their motion to dismiss, Rawlins filed a motion for leave to amend his complaint to seek injunctive and declaratory relief regarding future violation of his First Amendment rights. The district court granted the motion to dismiss and denied leave to amend. Rawlins then filed a Rule 59(e) motion, explaining that he wished to amend his complaint to (1) add as defendants the sentencing judge and other judges, Olson's direct supervisors, and the defense attorney, and (2) seek injunctive and declaratory relief as well as damages.
 
 
 10
 The district court did not abuse its discretion by refusing to alter its earlier decision to deny leave to amend. See id. Most of the proposed additional defendants would have been immune from suit for damages, see Demoran, 781 F.2d at 156, and a claim for an injunction against future prosecution for marijuana use or sales would have been frivolous. Moreover, there was no reason why Rawlins could not have explained all of his reasons for amendment in his original motion for leave to amend.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied. His request for initial en banc review also is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3