51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Murray E. FIELDS, Plaintiff-Appellant,
v.
Elizabeth MACEO; Richard Rogers; Lee Fischler; Robert
McCannally; Claudia Holband, Defendants-Appellees.
 No. 94-15646.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 17, 1995.*
Decided March 28, 1995.
 
 Before: HUG, FARRIS, and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Murray Fields, an Arizona state prisoner, appeals pro se the district court's summary judgment for Elizabeth Maceo, Richard Rogers, Robert McCannally, Claudia Holband and Lee Fischler in his civil rights action brought under 42 U.S.C. Secs. 1983, 1985. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's grant of summary judgment, Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 * Fields argues that the district court erred by granting summary judgment for Probation Officers Maceo, Rogers, McCannally and Holband because their functions were not an integral part of the judicial process, and therefore they were not entitled to absolute quasi-judicial immunity. We disagree.
 
 
 4
 It is well-settled that judges and certain officers of the government are absolutely immune from liability under Sec. 1983 for conduct in the performance of their duties. E.g., Burkes v. Callion, 433 F.2d 318, 319 (9th Cir.1970). This immunity also extends to individuals whose functions bear a close association to the judicial process. See Demoran v. Witt, 781 F.2d 155, 157 (9th Cir.1985). The purpose underlying this grant of immunity is " 'to assure that [they] can perform their respective functions without harassment or intimidation.' " Babcock v. Tyler, 884 F.2d 497, 501 (9th Cir.1989) (quoting Butz v. Economou, 438 U.S. 478, 512 (1978)).
 
 
 5
 In deciding a claim of quasi-judicial absolute immunity, we must determine "whether the function for which immunity is claimed is so much an integral part of the judicial process that to deny immunity would disserve the broader public interest in having participants such as judges, advocates and witnesses perform their respective functions without fear of having to defend their actions in a civil lawsuit." Id. at 502. Also relevant are the presence of other safeguards which may reduce the need for damage suits as a check on unconstitutional conduct. Cleavinger v. Saxner, 474 U.S. 193, 202 (1985); Butz, 438 U.S. at 512; Demoran, 781 F.2d at 157.
 
 
 6
 In past decisions, we have extended quasi-judicial immunity to probation officers when they prepare a presentence report for submission to a judge. Id. at 158; Burkes, 433 F.2d at 319. The structure of Arizona law persuades us that this immunity should also extend to the submission of evidence at a probation modification hearing.
 
 
 7
 Under Arizona law, a probation officer must "[e]xercise general supervision and observation over persons under suspended sentence, subject to control and direction by the court." Ariz.Rev.Stat. Sec. 12-253(2). In order to discharge her duties effectively, a probation officer is authorized to "serve warrants, make arrests and bring persons before the court who are under suspended sentence," and to "[o]btain and assemble information concerning the conduct of persons placed under suspended sentence and report the information to the court." Ariz.Rev.Stat. Secs. 12-253(3), (6). Thus, under Arizona law, a probation officer's duty to assist the court by providing it with relevant and necessary information concerning the conduct of a person under suspended sentence does not end at sentencing. See Ariz.Rev.Stat. Sec. 12-253(6).
 
 
 8
 Consequently, in gathering facts relevant to Fields' probation modification motion for submission to the state court judge, the government defendants acted as "an arm of the sentencing judge." See Demoran, 781 F.2d at 157. These actions were not materially different from the statutorily-mandated preparation of a presentencing report previously held to be cloaked in absolute immunity. The same arguments regarding chilling these defendants in their search for the truth apply. Moreover, Fields received a number of procedural safeguards, including having his counsel present during the in camera hearing and having the reports submitted reviewed by an independent state court judge. Cf. Cleavinger, 474 U.S. at 206 (rejecting absolute immunity for prison disciplinary committee in absence of right to counsel and other procedural safeguards).
 
 
 9
 Fields suggests that the defendants were merely acting in a ministerial or supervisory role. See Forrester v. White, 484 U.S. 219 (1988) (declining to extend absolute immunity to judge acting in supervisory role by firing employee). To the contrary, the defendants were acting not administratively, but as independent fact-finders for the judge.
 
 
 10
 As for Fischler, we find him covered by absolute witness immunity. Witnesses are entitled to absolute immunity for the same reason as judges, to prevent harassment or intimidation from interfering with their role in finding the truth. Briscoe v. LaHue, 460 U.S. 325, 335 (1983); see Holt v. Castaneda, 832 F.2d 123, 125 (9th Cir.1987). This court has extended this protection to post-trial proceedings and the submission of written statements, because the same rationale applies. See Burns v. County of King, 883 F.2d 819, 823 (9th Cir.1989). Here, Fields has sued Fischler solely for his submission of a written report at Fields' probation revocation hearing. That action is protected by absolute witness immunity.[1]
 
 II
 
 11
 Fields contends that the district court erred by dismissing his Sec. 1985 claims because probationers form a class protected under that statute. We disagree.
 
 
 12
 In order to establish a claim under Sec. 1985, Fields must show "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Bretz v. Kelman, 773 F.2d 1026, 1028-30 (9th Cir.1985) (en banc). Fields must show that he belongs to a class for which "there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985) (quotation omitted). This in turn requires "either that the courts have designated the class in question a suspect or quasi-suspect classification requiring more exacting scrutiny or that Congress has indicated through legislation that the class required special protection." Id.; accord Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992).
 
 
 13
 Fields cites no authority, nor can we find any, to support the proposition that probationers are a class protected by Sec. 1985. Neither the courts nor Congress have singled out this group for special protection. Accordingly, Fields' Sec. 1985 claims were properly dismissed.[2]
 
 
 14
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We dismiss as frivolous Fields' contention that the issue of witness immunity was raised for the first time on appeal. The record reveals that all defendants clearly raised the defense before the district court
 
 
 [2]
 Fields' motion to strike appellees' joint brief is denied