105 F.3d 665
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Loren Edward MACNAB, Plaintiff-Appellant,
v.
OREGON BOARD OF PAROLE; Danny Santos; Vern Faatz;
Harrison Latto--Oregon Justice Department; Diana
Simpson & Russell Smith--Benton County
Community Corrections,
Defendants-Appellees.
 No. 95-35647.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 19, 1996.
 
 Before SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Loren Macnab, an Oregon state parolee, appeals pro se the district court's dismissal of his 42 U.S.C. §§ 1983, 1985 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Macnab alleged that the defendants, the Oregon Board of Parole, two parole officers and an Oregon assistant attorney general, violated his civil rights in revoking his parole and in responding to his appeal in the Oregon Court of Appeals of an order of the Oregon Board of Parole establishing his parole conditions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 A dismissal for failure to state a claim is reviewed de novo. Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). We accept as true the allegations in the pleadings. Anderson v. Boyd, 714 F.2d 906, 908 (9th Cir.1983). In addition, we liberally construe pro se complaints. Id. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).
 
 A. 42 U.S.C. § 1983 claims
 
 4
 The district court properly dismissed Macnab's section 1983 claims concerning the revocation of his parole pursuant to Heck v. Humphrey, 114 S.Ct. 2364 (1994). In Heck, the Court held that a plaintiff may not bring a claim for damages under 42 U.S.C. § 1983 based on actions which would "render a conviction or sentence invalid" where that conviction or sentence has not been reversed, expunged or called into question by the issuance of a writ of habeas corpus. Heck, 114 S.Ct. at 2372. Macnab's allegations that the Oregon Board of Parole imposed unconstitutional conditions of parole, that a parole officer and her supervisor conspired to revoke his parole, and that he was falsely arrested and imprisoned by the Oregon Board of Parole, necessarily imply the invalidity of his confinement resulting from the parole-revocation proceedings. Therefore, because Macnab has not alleged that his parole revocation has been overturned, or otherwise invalidated, the district court properly dismissed his claims concerning parole revocation as not cognizable under 42 U.S.C. § 1983.[1]
 
 
 5
 The district court also properly dismissed Macnab's section 1983 claims concerning the unlawful actions allegedly taken by the Oregon Board of Parole and an Oregon assistant attorney general during Macnab's appeal of the Oregon Board of Parole's order establishing Macnab's parole conditions.[2] The assistant attorney general is entitled to absolute immunity for his allegedly unlawful conduct while handling Macnab's appeal. See Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2615 (1993); Burns v. Reed, 111 S.Ct. 1934, 1943 (1991). The individual members of the Oregon Board of Parole are also entitled to absolute immunity. See Anderson, 714 F.2d at 909. The Oregon Board of Parole is entitled to immunity under the Eleventh Amendment. See Cerrato v. San Francisco Community College Dist., 26 F.3d 968, 972 (9th Cir.1994) (Eleventh Amendment bars claims against the state and its agencies in federal court).[3]
 
 B. 42 U.S.C. § 1985 claims
 
 6
 The district court properly dismissed Macnab's claims brought under 42 U.S.C. § 1985(2), (3). Macnab has not alleged that any of the defendants acted with class-based animus, an element of a cause of action under both 42 U.S.C. § 1985(2) and 42 U.S.C. § 1985(3). See Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971); Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir.1993). Moreover, as indicated, all of the defendants are immune from Macnab's suit.[4]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ordinarily, we would vacate the district court's judgment and remand with instructions to enter judgment dismissing Macnab's section 1983 claims concerning his parole revocation without prejudice so that Macnab can refile his complaint should he succeed in challenging the legality of his parole revocation. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995). In this case, however, there is no need for remand because, as discussed in this memorandum disposition, all of the defendants are entitled to immunity
 
 
 [2]
 Macnab specifically alleged that the Oregon Board of Parole improperly denied his requests for "documentation" during his appeal, and that the Oregon assistant attorney general who was representing the Oregon Board of Parole improperly filed a Notice of Withdrawal of Order for Purpose of Reconsideration. These claims are not barred under Heck v. Humphrey, 114 S.Ct. 2364 (1994), because they are based on actions which would not necessarily imply the invalidity of Macnab's conviction or sentence
 
 
 [3]
 Macnab also seeks an injunction "to prevent enforcement of Special Condition 8E." Macnab does not allege sufficient facts to permit us to discern what Special Condition 8E is and how it played any role in the revocation of Macnab's parole. In any event, this claim appears to be moot because Macnab states that he completed his sentence on October 25, 1994. Even if Macnab is still subject to the condition, this claim for injunctive relief against the Oregon Board of Parole is barred by the Eleventh Amendment. Franceschi v. Schwartz, 57 F.2d 828, 831 (9th Cir.1995) (per curiam) (Eleventh Amendment bars injunctive relief against a state and its dependent instrumentalities)
 
 
 [4]
 The individual parole officers are entitled to absolute immunity. See Demoran v. Witt, 781 F.2d 155, 157 (9th Cir.1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports)