**Terrance L. LAVOLL, Plaintiff–Appellant,**

v.

**Jerry KELLER; Tom Swienkert Defendants–Appellees.**

No. 99–17692.

D.C. No. CV–98–00536–ECR.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 22, 2000.*

Decided March 2, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Before CHOY, SKOPIL, and FERGUSON, Circuit Judges.

### MEMORANDUM **

Terrance L. Lavoll appeals pro se the district court's dismissal of his amended

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

civil rights complaint, arguing that as a pretrial detainee he was subjected to dangerous, inhumane and unsanitary jail conditions, that prison officials were deliberately indifferent to his serious medical needs, and that he suffered racial discrimination at his sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part and remand.

■ The district court properly dismissed Lavoll's sentencing claim because those defendants are immune from suit. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc) (judges and prosecutors); *Demoran v. Witt*, 781 F.2d 155, 158 (9th Cir.1985) (probation officers); *see also Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (holding that public defenders do not act under color of state law for purposes of civil rights actions).

■ The district court also properly dismissed Lavoll's claim of inadequate medical care. To state a cognizable claim, Lavoll was required to "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Lavoll admits in his amended complaint, however, that he received medical attention when he complained of a fever and cough. His claim that he did not receive an "adequate medical diagnosis" is not sufficient to establish deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir.1989) (holding that difference of opinion regarding proper medical treatment is not deliberate indifference).

■ We also agree with the district court's rejection of Lavoll's claim that defendants created a dangerous condition of confinement by refusing to segregate him from other detainees based on his race and the nature of the charges against him. Prisons are generally prohibited from practicing racial segregation. *See Johnson v. California*, 207 F.3d 650, 655 (9th Cir.2000). Moreover, prison officials are accorded considerable discretion in determining whether an inmate should be segregated. *See Toussaint v. McCarthy*, 926 F.2d 800, 807 (9th Cir.1990).

■ Finally, we reverse the dismissal of Lavoll's claim of unsanitary and inhumane conditions of confinement. Because pretrial detainees have not been convicted, they are not subject to punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Thus, pretrial detainees are entitled to "adequate food, clothing, shelter, sanitation, medical care, and personal safety." *See Alvarez–Machain v. United States*, 107 F.3d 696, 701 (9th Cir.1996) (internal quotation omitted). Here, Lavoll claims that he was denied toilet paper, toothbrush and a shower and was forced to eat and sleep on a cold concrete floor covered with various forms of human waste. He alleges that other detainees in his cell were ill and that there was neither adequate ventilation nor heat. Although defendants may in time refute these allegations, for purposes of their motion for judgment on the pleadings, the district court was obligated to accept all of Lavoll's allegations as true. *See Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir.1999). Taken as true, these allegations are sufficient to state a cognizable claim. *See Hoptowit v. Spellman*, 753 F.2d 779, 783–84 (9th Cir. 1985) (upholding prisoner's claims of unsanitary and inhumane conditions).

■ The district court also reasoned that Lavoll's claim of unsanitary conditions

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

may be barred because he did not allege physical injury as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). Lavoll's amended complaint, however, states that as a result of the conditions of confinement he "became sick and had a high fever and started coughing." Accordingly, we conclude that Lavoll's claim is not barred and should not have been dismissed.

AFFIRMED in part, REVERSED in part and REMANDED. Each side will bear its own costs.