**Samuel William DONAGHE, Plaintiff—Appellant,**

v.

**Mike MCKAY; et al., Defendants— Appellees.**

No. 03–35424.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

Samuel William Donaghe, pro se, Steilacoom, WA, for Plaintiff–Appellant.

William H. Beatty, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Defendant–Appellee.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

### MEMORANDUM **

Samuel William Donaghe, a former federal and Washington State prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging a United States Attorney and federal probation officers violated his constitutional rights by recommending a sentence that this court found exceeded the term allowed under the Federal Sentencing Guidelines. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo a dismissal based on immunity, *Mabe v. San Bernardino County Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1106 (9th Cir.2001), or res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir.2002). We affirm.

The district court properly concluded that United States Attorney McKay was entitled to absolute immunity, because his role in the sentencing recommendation was "intimately associated with the judicial phase of the criminal process." *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). The probation officer defendants were also entitled to absolute immunity for the actions they took preparing reports for Donaghe's sentencing judge. *See Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir.1986) ("Probation officers preparing presentencing reports serve a function integral to the independent judicial process.").

The district court properly found that Donaghe's Fourth Amendment claim against probation officer Thornton was barred by res judicata, because his claim was adjudicated in a prior lawsuit. *See Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir.2002). Donaghe's Fourteenth Amendment due process claim against Thornton is also barred by res judicata. *See id.*

Donaghe's remaining contentions also lack merit.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Eddings's request for oral argument.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.