Antonneo R. BOYCE, Plaintiff—
Appellant,

v.

COUNTY OF MARICOPA, sued in its individual & official capacity; et al., Defendants—Appellees.

No. 04–17348.

D.C. No. CV–03–01327–ROS/ECV.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.[*]

Decided Aug. 15, 2005.

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Antonneo R. Boyce, Florence, AZ, pro se.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

## MEMORANDUM**

Antonneo R. Boyce, an Arizona state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging Maricopa County officials violated his civil rights by preparing a report stating he may be prone to violence. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under the screening provisions of the Prison Litigation Reform Act, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we may affirm on any ground supported by the record, *Graves v. City of Coeur D'Alene,* 339 F.3d 828, 846 n. 23 (9th Cir.2003). We affirm.

■ The district court properly concluded that the probation officer defendants were entitled to absolute quasi-judicial immunity against damages claims. *See Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir.1985). Boyce also failed to allege facts

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sufficient to support his claims that defendants conspired to violate his constitutional rights, *see Price v. Hawaii,* 939 F.2d 702, 708–09 (9th Cir.1991), or retaliated against him for exercising his constitutional rights, *see Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989).

 Moreover, Boyce's contention that he may be subjected to police brutality if information suggesting he may be violent is not expunged from his criminal files does not create a present case or controversy supporting a claim for injunctive relief. *See Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983) (injunctive relief is only available if there is a real or immediate threat that the plaintiff will be wronged).

The district court also properly dismissed Boyce's defamation claim, because he failed to allege facts supporting his "loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation." *See Cooper v. Dupnik,* 924 F.2d 1520, 1532 (9th Cir. 1991).

Boyce's remaining contentions lack merit.

Boyce's February 11, 2005, "Motion for Taking of Judicial Notice" is denied.

**AFFIRMED.**