**William B. CORLEY, Plaintiff— Appellant,**

v.

**CITY OF BELLEVUE, and its officers, mayor and each member of the City Council; et al., Defendants—Appellees.**

No. 05–35267.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 1, 2006.

William B. Corley, New York, NY, pro se.

Shelley M. Kerslake, Esq., Kenyon Disend, PLLC, Issaquah, WA, for Defendants–ppellees.

Janet Garrow, Bellevue, WA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

William B. Corley appeals pro se from the district court's summary judgment in favor of the City of Bellevue, its Mayor and City Council members, and various members of its City Prosecutor's Office and Police Department in Corley's 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. After de novo review, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), we affirm.

The district court properly determined that defendants Irwin, Shah, Sherwood and Leadbetter were absolutely immune for actions taken within the scope of their official duties. *See Broam v. Bogan*, 320 F.3d 1023, 1028–30 (9th Cir.2003) (prosecutorial immunity); *Demoran v. Witt*, 781 F.2d 155, 157–58 (9th Cir.1985) (probation officer immunity). Corley failed to raise a triable issue of fact as to whether any of these defendants acted outside the scope of those duties. *See FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir.1997) (holding that conclusory, self-serving statements lacking detailed facts and supporting evidence are insufficient to create a genuine issue of material fact). The district court also properly concluded that defendants Alma and Fowler were entitled to qualified immunity because Corley failed to raise a triable issue of fact as to whether either defendant had violated his constitutional rights. *See Saucier v.*

*Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

Although a motion to compel may be construed under some circumstances as a motion for additional discovery pursuant to Fed.R.Civ.P. 56(f), *see Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir.1987), Corley's belated motion to compel did not "show how additional discovery would preclude summary judgment and why [he] cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir.1989).

Corley's remaining contentions lack merit.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.