Lyn Richard OBERG, Plaintiff–
Appellant,

v.

ASOTIN COUNTY; et al., Defendants–
Appellees.

No. 07–35732.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2009.*

Filed Jan. 23, 2009.

Lyn Richard Oberg, Umatilla, OR, pro
se.

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

No Appearance, for Defendants–Appellees.

Before: O'SCANNLAIN, BYBEE and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Lyn Richard Oberg, an Oregon state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and pursuant to 28 U.S.C. § 1915(e), *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm in part, vacate in part, and remand.

■ The district court properly dismissed all claims against defendants Nichols and Lutes on grounds of prosecutorial immunity. *See Milstein v. Cooley,* 257 F.3d 1004, 1008–09 (9th Cir.2001) (explaining that a state prosecutor is immune from a civil suit for damages under § 1983 for activities intimately associated with the judicial phase of the criminal process).

■ The district court properly dismissed all claims against defendants Stave and Webb, the state public defenders, because Oberg presented no facts demonstrating they were acting under color of state law when they represented him. *See Miranda v. Clark County, Nev.,* 319 F.3d 465, 468 (9th Cir.2003) (holding state public defender performing traditional lawyer functions was not a state actor subject to § 1983); *see also Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir.2003) (holding that plaintiff's conclusory allegations about conspiracy were insufficient to show state action).

■ The district court properly dismissed all claims against defendant Yoder, a Washington state community corrections officer, and defendant Hough, a court clerk, based on absolute quasi-judicial immunity. *See Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir.1985) (explaining that an officer who prepares pre-sentence reports is entitled to absolute judicial immunity from personal damage actions brought under § 1983); *Mullis v. U.S. Bankr. Court,* 828 F.2d 1385, 1390 (9th Cir.1987) (explaining that court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process).

■ The district court properly dismissed Oberg's claims alleging a racketeering conspiracy and challenging the tri-state investigation, because success on those claims would necessarily imply the invalidity of Oberg's Oregon convictions, and Oberg failed to demonstrate that the convictions have been overturned. *See Heck v. Humphrey,* 512 U.S. 477, 483–84, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (concluding that § 1983 claim was not cognizable because allegations were akin to malicious prosecution claim which includes as an element that the criminal proceeding was concluded in plaintiff's favor); *Harvey v. Waldron,* 210 F.3d 1008, 1015 (9th Cir. 2000) ("[A] § 1983 claim alleging illegal search and seizure of evidence upon which

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

criminal charges are based does not accrue until the criminal charges have been dismissed or the conviction has been overturned."). However, those claims should have been dismissed without prejudice. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir.1995) (per curiam). Accordingly, we vacate the judgment to the extent it dismisses the *Heck*-barred claims with prejudice and remand for the sole purpose of dismissing those claims without prejudice.

Oberg's remaining contentions are unpersuasive.

Appellant shall bear the costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.