**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

SEP 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN PUENTES, | No. 11-17417 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02511-SI |
| v. | |
| COUNTY OF SAN MATEO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Benjamin Puentes appeals pro se from the district court's summary

judgment in his action alleging constitutional violations and state law claims

against the County of San Mateo and six probation officers.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986).  We affirm.

The district court properly granted summary judgment because Puentes failed to raise a genuine dispute of material fact as to whether any of the defendants were subject to liability.  *See id.* at 158 ("[P]robation officers preparing presentencing reports for state court judges are entitled to absolute judicial immunity from personal damage actions brought under section 1983."); *see also Pearson v. Callahan*, 555 U.S. 223, 243-44 (2009) (officer entitled to qualified immunity where clearly established law does not show constitutional violation); *Plumeau v. Sch. Dist. #40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (setting forth bases for municipal liability under § 1983); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data."); Cal. Gov't Code § 815.2(b) (a public entity is not liable for its employee's conduct if the employee herself is immune from liability)

The district court did not abuse its discretion by dismissing the action with prejudice because leave to amend would have been futile.  *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) ("Although leave to amend a

deficient complaint shall be freely given when justice so requires, . . . leave may be denied if amendment of the complaint would be futile.").

Puentes's contentions concerning whether he was required to comply with the California Tort Claims Act for his extortion and fraud claims under California law, and whether defendants subjected him to double jeopardy in violation of the California Constitution, are unpersuasive.

**AFFIRMED.**