NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE JOHNSON, Esquire, | No. 22-16290 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-07579-JSC |
| v. | |
| CONTRA COSTA COUNTY CLERK RECORDER; DEBORAH COOPER; PATRICIA D. MALONE, Court Reporter; ESA EHMEN KRAUSE, Chief Probation Officer; COUNTY OF CONTRA COSTA, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Submitted July 18, 2023**

Before:     SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Wayne Johnson appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging violations of the Fourth, Eighth, and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 763 (9th Cir. 2023) (dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under 28 U.S.C. § 1915(e)(2)). We affirm.

The district court properly dismissed Johnson's claims against the Court Clerk and Court Reporter because both defendants are entitled to quasi-judicial immunity. *See Acres Bonusing, Inc v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." (citation omitted)); *Wright v. Beck*, 981 F.3d 719, 738 (9th Cir. 2020) (explaining that "immunity applies when a non-judicial officer performs a non-discretionary or administrative function at the explicit direction of a judicial officer" (citation and internal quotation marks omitted and alteration adopted)).

The district court properly dismissed Johnson's claim against defendants Ehmen-Krause and Contra Costa County because Johnson failed to allege facts sufficient to state a plausible claim and defendant Ehmen-Krause is entitled to absolute judicial immunity. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (a court is not required to accept conclusions and speculation in adjudicating a motion to dismiss); *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020)

2                                                                          22-16290

(explaining that *Monell* claims are contingent on a violation of constitutional rights); *Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir. 1986) (absolute judicial immunity extends to probation officers preparing reports for the use of state courts).

The district court did not abuse its discretion by dismissing Johnson's second amended complaint without further leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper if amendment would be futile); *Fid. Fin. Corp. v. Fed. Home Loan Bank of S.F.*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend [the] complaint.").

**AFFIRMED.**