**Donald Ray HUGHES,**
**Plaintiff-Appellant,**

v.

**William CHESSER, Defendant-Appellee.**

**No. 84–7033.**

United States Court of Appeals,
Eleventh Circuit.

April 30, 1984.

Donald Ray Hughes, pro se.

Ronald C. Forehand, Asst. Atty. Gen., Montgomery, Ala., for defendant-appellee.

Judge RONEY, Circuit Judge:

Plaintiff, Donald Ray Hughes, applies for leave to file an in forma pauperis appeal from the district court's denial of his § 1983 suit against a state probation officer, William Chesser.

Hughes alleges that Chesser falsified certain facts in his presentence report. The district court held that Chesser was immune from suit, quoting from *Spaulding v. Nielsen*, 599 F.2d 728 (5th Cir.1979) as follows:

The district court's dismissal of Spaulding's damage claims against the federal probation officers was proper. Judges who act within the scope of their authority enjoy absolute immunity from damage

suits. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). This immunity has been extended to prosecutors for their decision to prosecute and their conduct of the government's case on the theory that these activities are 'intimately associated with the judicial phase of the criminal process ...' *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). We hold that a probation officer is entitled to the same protection when preparing and submitting a presentence report in a criminal case. The report is an integral part of the sentencing process, and in preparing the report the probation officer acts at the direction of the court. *See* Fed.R. Crim.P. 32. We think it apparent that this narrow function is 'intimately associated with the judicial phase of the criminal process' and thus, where, as here, the challenged activities of a federal probation officer are within this function, he or she is absolutely immune from a civil suit for damages. *Burkes v. Callion*, 433 F.2d 318 (9th Cir.1970); *Friedman v. Younger*, 282 F.Supp. 710 (C.D.Cal.1968). *See also Cruz v. Skelton*, 502 F.2d 1101 (5th Cir.1974). Defendants' activities were within this protected function, and the complaint seeking damages was properly dismissed.

599 F.2d at 729 (footnotes omitted).

█ The Fifth Circuit case decided before October 1, 1981 is binding precedent in this circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981).

█ The immunity extended in *Spaulding* to a federal probation officer would be equally applicable to a state probation officer. Since the law clearly supports the decision of the district court, this appeal is frivolous. Therefore, the motion for leave to appeal in forma pauperis is

DENIED.