785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL R. BESS, Plaintiff-Appellant,
v.
DEAN E. IVERSON and MICHIGAN DEPARTMENT OF CORRECTIONS,
Defendants-Appellees.
 85-1119
 United States Court of Appeals, Sixth Circuit.
 1/21/86
 
 ORDER
 BEFORE: CONTIE, MILBURN, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Plaintiff is appealing from a judgment dismissing his civil rights action. The appeal has been referred to a panel of the Court under ule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that in 1983, plaintiff was convicted in Montcalm County, Michigan, on a charge of felonious assault. He was sentenced to a four-year prison term which he is now serving at the Monroe House of Corrections in Monroe, Michigan.
 
 
 3
 Apparently, plaintiff's presentence investigation report contained a statement that plaintiff had been given a psychiatric examination in 1975 and was declared unsuitable for military duty. By means of a request under the Freedom of Information Act, plaintiff obtained documents from the Department of the Army showing these facts to be untrue. He filed the present civil rights complaint against the probation/parole agent who prepared the report and against the Michigan Department of Corrections. He alleges that the erroneous information has caused him 'undue hardships while incarceration (sic), effected (sic) his security status, his level of confinement, and now has prejudiced his opportunity for parole because all decisions made pertaining to the inmates are reviewed and based on the pre-sentence investigation report.' The complaint seeks $2.5 million in damages from each defendant as well as equitable and injunctive relief.
 
 
 4
 The district court dismissed plaintiff's action as frivolous under 28 U.S.C. Sec. 1915(d). This timely appeal followed.
 
 
 5
 Various circuits have held that a parole or probation officer who includes erroneous information in a presentence investigation report is absolutely immune from damages in a civil rights action. Burks v. Callion, 433 F.2d 318, 319 (9th Cir. 1970), cert. denied, 403 U. S. 908 (1971); Ray v. Pickett, 734 F.2d 370, 373 (8th Cir. 1984); Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir. 1984); Spaulding v. Nielsen, 599 F.2d 728, 729 (5th Cir. 1979). Thus, the district court correctly dismissed plaintiff's claim for damages against defendant Iverson.
 
 
 6
 In a similar vein, a state agency such as the Michigan Department of Corrections is immune from damages under the Eleventh Amendment. Alabama v. Pugh, 438 U.S. 781 (1978); Quern v. Jordan, 440 U.S. 332 (1979). Further, the doctrine of respondent superior cannot be used to destroy this immunity. Polk County v. Dodson, 454 U.S. 312 (1981). The district court was therefore correct in dismissing plaintiff's damage claim against the Department of Corrections. The doctrine of immunity, however, does not extend to claims for injunctive or equitable relief. Wood v. Strickland, 420 U.S. 308, 315 n.6 (1975). Technically speaking, the district court erred in dismissing plaintiff's entire case on the basis of immunity. Nonetheless, this Court can affirm the judgment below on a basis different from that expressed by the district court. County of Oakland v. City of Berkley, 742 F.2d 289, 298 (6th Cir. 1984); M.J. Whitman & Co. v. American Financial Enterprises, Inc., 725 F.2d 394, 396 (6th Cir. 1984).
 
 
 7
 Here the plaintiff's underlying claim is without merit. Normally, an assertion that erroneous information was contained in a presentence investigation report is not an issue of constitutional magnitude. Roberts v. United States, 445 U.S. 552, 556 (1980). It is true that in United States v. Tucker, 404 U.S. 443, 447 (1972), and Townsend v. Burke, 334 U.S. 736, 740-741 (1948), errors of constitutional magnitude were found where prior convictions expressly relied upon by the sentencing judge later proved to be invalid. Here the only misinformation contained in the presentence report was that plaintiff had been given a psychiatric examination in 1975 and was declared unsuitable for military duty. The report correctly stated that plaintiff received an honorable discharge. Further, there is no indication in the record (nor does plaintiff allege with specificity) that this information was used to his detriment by either the district judge or the parole authorities.
 
 
 8
 It appears from the foregoing that the issues presented in this appeal are frivolous and entirely without merit. Rule 9(d)(2), Rules of the Sixth Circuit.
 
 
 9
 Therefore, it is ORDERED that the judgment of the district court be and it hereby is affirmed.