Vincent SHELTON, Plaintiff,

v.

Todd McCARTHY and Margaret O. Henderson, Defendants.

No. CIV–86–530E.

United States District Court, W.D. New York.

Nov. 1, 1988.

Vincent Shelton, pro se.

Nira Kermisch, Rochester, N.Y., for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The plaintiff, acting *pro se* in this action brought under 42 U.S.C. § 1983, alleges that the defendants violated his constitutional rights when they submitted a presentence report on him that was false and inaccurate. These alleged falsifications, the plaintiff claims, caused him to be held longer than he should have been at the Great Meadow (N.Y.) Correctional Facility before being transferred to his final destination. This delay allegedly caused him mental stress, loss of valuable program time and the opportunity to have an operation. He therefore seeks monetary damages, as well as declaratory and injunctive relief enjoining the defendants from any further use of such presentence report.

The defendants—Margaret O. Henderson, Monroe County (N.Y.) Probation Officer Supervisor, and Todd McCarthy, Monroe County Probation Officer—have moved pursuant to Fed.R.Civ.P. rule 56(b) for summary judgment dismissing the Complaint on the grounds that, as state probation officers whose duties include the submitting of presentence reports to the courts, they are entitled to absolute immunity inasmuch as they perform a quasi-judicial function. The plaintiff has moved for an extension of time and a denial without prejudice or a stay of the motion for summary judgment until the completion of discovery. He has also moved for an order requiring the defendants to pay his reasonable expenses incurred in obtaining a prior order from this Court which compelled the defendants to answer his Interrogatories.

▌ First, as to the plaintiff's request for an extension of time and a stay or a denial of the motion, this Court is aware that it compelled the defendants to answer plaintiff's Interrogatories by October 2, 1987, which was after the date set for the plaintiff's reply to this motion for summary judgment. However, for the reasons stated below, it is this Court's opinion that the defendants are entitled to absolute immunity from damages in this action and, accordingly, the plaintiff's review of the compelled answers to his Interrogatories before he had to reply to the motion could not have not aided him in opposing said motion. Accordingly, this Court will not grant the plaintiff a stay.

The United States Court of Appeals for the Second Circuit has held that federal probation officers who prepare and submit presentence reports for and to the courts are entitled to absolute immunity from suit and any other scrutiny of his or her "motive for and reasonableness of his official actions * * *." *Dorman v. Higgins,* 821 F.2d 133, 136 (2d Cir.1987). The Court noted that absolute immunity is rarely granted and the functions to be accorded such immunity are those "integrally related to the judicial process." *Ibid.* Absolute immunity is a necessary shield to insure that such officials, in the performance of their duties, are not "intimidated" in the exercise of their discretion by fear of being exposed to civil damages. *Ibid.* The safeguards surrounding the judicial process minimize the risk that unreasonable actions will occur and thereby justify courts' cloaking with absolute immunity those who perform functions closely related to the judicial process. *Id.* at 136, 137. The appellate court added federal probation officers to the list of persons granted absolute immunity, because presentence reports are such an important facet of the sentencing of a convicted defendant that federal probation officers while preparing such reports are clearly acting as arms of the courts and that such tasks are "an integral part of one of the most critical phases of the judicial process." *Id.* at 137.

▌ It is therefore readily apparent that the issue now before this Court is whether state probation officers, who perform functions which are similar if not identical to those of federal probation officers, should be accorded the same level of immunity. Other United States Circuit Courts of Appeals have accorded absolute immunity to state probation officers, who work within frameworks similar to the federal one. *E.g., Demoran v. Witt,* 781 F.2d 155, 157–158 (9th Cir.1985); *Hughes v. Chesser,* 731 F.2d 1489, 1490 (11th Cir.1984). The framework in which federal probation officers work with respect to preparing presentence reports is found in Fed.R.Cr.P. rule 32(c). *See Dorman v. Higgins, supra,* at 137–138 (summarizing the rules and procedures of the preparing and filing of presentence reports).

It is provided that the probation officer prepares the report at the instance of the cognizant court and that the report becomes a court document which cannot be disclosed to others without the court's permission.[1] The primary purpose of the re-

---

1. The report is used by the United States Parole Commission and the United States Bureau of Prisons in their release and confinement deci-sions. *Dorman v. Higgins, supra,* at 137. Similarly, the presentence reports prepared by New York's probation officers are turned over to the

port is to furnish to such court information "facilitating the meaningful exercise of its sentencing discretion \* \* \*." *Id.* at 137. In preparing the report the probation officer must be allowed to exercise discretion in deciding which facts to include and, without immunity, he might not include important facts which do not lend themselves to absolute verification for fear of being subject to suits for civil damages. *Id.* at 138. Such reasons and framework led the United States Court of Appeals for the Second Circuit in *Dorman v. Higgins, supra,* to grant federal probation officers absolute immunity; these same reasons and a similar framework lead this Court to grant the same protection to New York's probation officers.

In New York, as well as in the federal system, probation officers prepare presentence reports concerning defendants found guilty of an offense. The reports are then submitted to the cognizant courts for their use in sentencing defendants. Before a court may impose a sentence on a felony conviction it must have ordered and have studied a presentence report. *See* New York's Criminal Procedure Law ("CPL") §§ 390.20 subd. 1 & 390.50 subd. 1. The purpose of the presentence report in New York is identical to that of its counterpart in the federal system—*i.e.,* to aid the court in the exercise of its sentencing discretion. *See People v. Andujar,* 110 A.D.2d 606, 488 N.Y.S.2d 653, 654 (1st Dept.1985); *United States v. Charmer Industries,* 711 F.2d 1164, 1170–1171 (2d Cir.1983). The presentence investigation consists of the gathering of information with respect to the offense committed, the defendant's history of criminality, the defendant's personal family history and situation, and any other matter which the agency conducting the investigation deems possibly relevant to sentencing. CPL § 390.30 subd. 1. Again, the investigation and preparation of the report require the exercise of discretion by the probation officer who should not be intimated or hampered therein by the threat of civil liability. It is thus apparent that the frameworks in which both federal

and state probation officers operate, with respect to presentence reports, are very similar and that all of such officials should be afforded the protection guaranteed by absolute immunity. The immunity extending to federal probation officers should be equally applicable to their state counterparts. *See Hughes v. Chesser, supra,* at 1490; *Demoran v. Witt, supra,* at 158.

Furthermore, the procedural safeguards that exist to protect a defendant's right not to be sentenced upon false information—which *Dorman v. Higgins, supra,* at 138, noted—also exist in New York's system. A defendant's attorney or a defendant himself (if he has no attorney) must be able to review and, in the state's system, to copy the presentence report. CPL § 390.50 subd. 2. The sentencing court may bar from disclosure to a defendant such parts of the report which it feels are not relevant to sentencing or which may hamper rehabilitation or which should be excepted in the interests of justice. *Ibid.* A court may, before pronouncing sentence, hold a presentence conference in order to resolve any discrepancies in the report. CPL § 400.10 subd. 1. In fact in the instant case the trial judge, after being notified of possible discrepancies in the report, wrote to defendant McCarthy in order that the discrepancies could be rectified. Nira T. Kermisch, Esq. Affidavit (sworn to August 24, 1987), Exhibit C. The discrepancies were resolved after sentencing, so that the report was accurate when it followed the plaintiff into the corrections system. Furthermore a criminal defendant, convicted by other than his plea of guilty, can appeal his sentence as of right on the grounds that it is invalid, as a matter of law, or harsh or excessive. CPL §§ 450.10 subd. 2 & 450.30 subd. 1. If a defendant is not satisfied thereby, a collateral attack on the sentence can be made in a CPL § 440.10 proceeding or in a federal habeas corpus proceeding.

Accordingly, this Court opines that the language used in *Dorman v. Higgins, supra,* is equally applicable here:

state's custodial agencies. New York's Criminal    Procedure Law § 390.50., subd. 3.

"In all the circumstances, we think it clear that the nature of the function performed, the impossibility of guaranteeing the accuracy of the information to be reported and the routine subjection of the presentence report to adversary review and thence to judicial scrutiny make it appropriate for federal probation officers to be accorded absolute immunity in connection with their preparation and presentation of presentence reports." *Id.* at 138.

■ This however does not end the inquiry inasmuch as the plaintiff has also requested that this Court grant an injunction against any further use of the presentence report. The doctrine of absolute immunity from a damages claim does not bar the granting of injunctive relief. *Pulliam v. Allen*, 466 U.S. 522, 536–537, 104 S.Ct. 1970, 1977–78, 80 L.Ed.2d 565 (1984). Therefore this Court needs to address the plaintiff's claim for such relief.

■ The Complaint requests this Court to grant a temporary order and permanent injunction, restraining the defendants from making any further use of the presentence report. In order for the plaintiff to obtain injunctive relief against these two defendants he needs to show that there would be—or well might be—a future use of the report by either of the defendants, or at least such use by others as is controllable by either. *See Dorman v. Higgins, supra,* at 139. A person is entitled to an injunction only where it is shown that another or others are taking some action against such person in violation of his civil rights or have threatened to take any such action in the future. *See Powell v. Jarvis,* 460 F.2d 551, 552–553 (2d Cir.1972); *Raitport v. Provident Nat. Bank,* 451 F.Supp. 522, 530 (E.D.Pa.1978). Injunctive relief by its nature speaks to the future, *Dombrowski v. Pfister,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), and the plaintiff has failed to show, in any way, how the defendants—or either of them—have threatened to use the report against him in the future or, more importantly, how they even could do so. The presentence report is used primarily by the sentencing court and by the Department of Corrections. CPL § 390.50. There is no indication that the defendants would use or have any occasion to use the report in the future. Accordingly, injunctive relief is not warranted.

Furthermore, there is no indication in the Complaint that further or future use of the presentence report is likely to cause the plaintiff any imminent harm. His grievance is that the report was used to prolong his stay at Great Meadow before his transfer to his final destination. The plaintiff has already been transferred to the Attica (N.Y.) Correctional Facility and there is no evidence of any future harm which would result from use of the report. Therefore the plaintiff is not entitled to injunctive relief against anyone.

With respect to the plaintiff's motion for expenses incurred in connection with his previous motions to compel the defendants to produce documents and to answer Interrogatories, this Court, in its Memorandum and Order filed September 1, 1987 and compelling such discovery, stated that the plaintiff could seek such expenses upon filing of proper papers. The plaintiff has submitted papers requesting the amount of $15, representing the reasonable expenses incurred. This Court believes that, although a more itemized account of a party's expenses is usually required, it would be an unnecessary waste of time to require the plaintiff to file a new motion with a more specific breakdown of expenses, especially in light of the minimal amount requested. Accordingly, this Court will grant plaintiff's motion for his reasonable expenses in the amount of $15.

Accordingly, it is hereby ORDERED that the defendants' motion for summary judgment is granted, that the Complaint is dismissed, that the plaintiff's motions for an extension of time and a stay is denied and that the plaintiff's motion to recover his reasonable expenses from the defendants in the amount of $15 is granted.