Charles HILI, Plaintiff,

v.

Joseph L. SCIAROTTA, Director of Nassau County Department of Probation and Diane Eich, Probation Officer, Defendants.

No. CV 96–0299.

United States District Court,
E.D. New York.

Feb. 22, 1997.

Charles Hili, Comstock, NY, pro se.

Owen B. Walsh, Nassau County Attorney, County Attorney's Office, by Susan M. Tokarski, Deputy County Attorney, Mineola, NY, for defendants.

MEMORANDUM DECISION and ORDER

SPATT, District Judge.

The *Pro Se* plaintiff, Charles Hili ("Hili" or the "plaintiff"), commenced this lawsuit pursuant to 42 U.S.C. § 1983, alleging that Joseph L. Sciarotta, Director of Nassau County Department of Probation, and Diane Eich, a Probation Officer (the "defendants"), under orders from the Nassau County Department of Probation, deprived him of his constitutional rights by filing an inaccurate presentence report. As a result, the plaintiff claims he has been denied, among other things, parole, good behavior .benefits, and temporary release due to the alleged incorrect presentence report. Presently before the court is the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R.Civ.P. 12(b)(6).

I. *Background*

On April 7, 1989, Nassau County Court Judge Raymond Harrington requested that the defendants prepare a presentence report to aid the court in sentencing Hili. The presentence report was submitted to the court on May 26, 1989. Upon receipt and review of the presentence report, the court sentenced Hili to periods of incarceration of four to twelve years for attempted possession of a dangerous weapon in the first degree, and one and one-third to four years for conspiracy in the fourth degree.

Hili claims that the defendants, "acting under color of state law, did not properly investigate the allegations presented to [them] and relied knowingly on hearsay and false information in [delivering the presentence] report to the court, [thereby] depriving [the] plaintiff of equal protection of the laws." (Compl. at 3).

On January 24, 1996, Hili commenced this action seeking correction of the presentence report, distribution of the updated report to those in possession of the 1989 presentence report, and monetary damages. The defendants move to dismiss the cause of action on the grounds that: (1) the defendants have absolute immunity because they are probation officers involved in quasi-judicial activity,

and (2) the claims are barred by the applicable statute of limitations.

## II. *Discussion*

### A. *The Motion to Dismiss Standard*

Upon a motion for dismissal of a complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the court should dismiss the complaint only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *see International Audiotext Network, Inc. v. AT & T,* 62 F.3d 69, 71 (2d Cir.1995). The Second Circuit stated that in deciding a Rule 12(b)(6) motion a court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504,* 992 F.2d 12, 15 (2d Cir.1993); *see also Cortec Industries, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991), *cert. denied,* 503 U.S. 960, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992).

It is not the duty of the court "to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the court must construe all reasonable inferences in favor of the plaintiff, *see Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1099 (2d Cir.1988), *cert. denied sub nom., Soifer v. Bankers Trust Co.,* 490 U.S. 1007, 109 S.Ct. 1642, 104 L.Ed.2d 158 (1989), and accept as true all factual allegations in the complaint. *See LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991); *Procter & Gamble Co. v. Big Apple Industrial Buildings, Inc.,* 879 F.2d 10, 14 (2d Cir.1989), *cert. denied,* 493 U.S. 1022, 110 S.Ct. 723, 107 L.Ed.2d 743 (1990). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995), *cert. denied, Villager Pond, Inc. v. Darien,* —— U.S. ——, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 235–36, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 [1974] ).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice." Fed.R.Civ.P. 8(f).

Additionally, because the plaintiff is proceeding without an attorney, the Court must give wide latitude to the papers filed by the *pro se* litigant. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (*Pro se* papers are to be held "to less stringent standards than formal pleadings drafted by lawyers."). The Court recognizes that it must make reasonable allowances so that a *pro se* plaintiff does not forfeit his rights by virtue of his lack of legal training. *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983). However, the Court is also aware that " 'self representation does not exempt a party from compliance with relevant rules of procedural and substantive law.' " *Id.* (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)).

It is within this framework that the Court addresses the present motion to dismiss the complaint.

### B. *The Defendants' Motions*

#### 1. *Absolute immunity*

Initially, the defendants move to dismiss the plaintiff's claim on the ground that, when preparing and filing presentence reports, probation officers are entitled to absolute immunity inasmuch as they are acting as an arm of the judiciary.

In *Dorman v. Higgins,* 821 F.2d 133 (2d Cir.1987), the Court determined that federal probation officers are entitled to absolute immunity when preparing and furnishing presentence reports to the court. *Id.* at 137. The court reasoned that a presentence report is prepared at the court's request, is a court document, and is used to facilitate the sentencing process. *Id.* In the preparation of presentence reports, a "federal probation of-

ficer acts as an arm of the court and that that task is an integral part of one of the most critical phases of the judicial process." *Id.*

Because the primary purpose of the presentence report is to provide the "court with information facilitating the meaningful exercise of its sentencing discretion, '[i]n order to be of greatest assistance to the court, the report should be as complete as possible, containing [a]ll objective information which is significant to the decision-making process.'" *Id.* (quoting *United States v. Charmer Industries*, 711 F.2d 1164, 1170 (2d Cir.1983)). The report can include hearsay as there are no limitations on the contents of the report. *See Dorman*, 821 F.2d at 137. In *Dorman*, the Second Circuit stated that "though the report is to be 'as complete as possible,' it is obvious that the probation officer cannot include every word that is said to him; some discretion must be exercised in his decision of what to report." *Id.* The Second Circuit went on to note that "probation officers are expected to accurately report the pertinent statements" as given to them irrespective of the fact that the source may be biased. *Id.* at 138. Moreover, the *Dorman* court stated that "the requirement of accurate reporting may result in the inclusion in the report of statements that are themselves inaccurate", and therefore, "given the propensity of prisoners to file lawsuits challenging all aspects of the proceedings against them, [there is] is a need for probation officers to have absolute immunity from civil suits for damages." *Id.*

The Court continued by stating that "[i]f these officers were 'held liable in damages as guarantors of the quality of their evidence, they might hesitate to bring forward' some of the information they have collected 'because it is very difficult if not impossible' 'for the officers' 'to be absolutely certain of the objective truth or falsity of the statements made to them.'" *Id.* at 138 (quoting *Butz v. Economou*, 438 U.S. 478, 517, 98 S.Ct. 2894, 2916, 57 L.Ed.2d 895 (1978)). Absolute immunity is granted to ensure that, in fear of future exposure to civil litigation, federal probation officers do not sacrifice the integrity of their reports in bringing forward all rele-

vant information. *See Butz*, 438 U.S. at 508–11, 98 S.Ct. at 2911–13.

In *Shelton v. McCarthy*, 699 F.Supp. 412 (W.D.N.Y.1988), the district court determined that New York State probation officers are entitled to the same absolute immunity granted to federal probation officers when preparing and filing presentence reports, *Id.* at 414; *see also Demoran v. Witt*, 781 F.2d 155, 157 (9th Cir.1985); *Hughes v. Chesser*, 731 F.2d 1489, 1490 (11th Cir.1984), because the framework of the New York presentence report procedure, N.Y.Crim.P. art. 390, is similar to the federal presentence report procedure, Fed.R.Crim.P. 32. *See Shelton*, 699 F.Supp. at 413–14.

However, there are exceptions to the rule granting absolute immunity to probation officers. The Third Circuit has ruled that probation officers are entitled to absolute immunity concerning adjudicating duties. However, if the alleged improper conduct is investigative or administrative, then they would be entitled only to qualified immunity. *Wilson v. Rackmill*, 878 F.2d 772, 775 (3d Cir.1989) (involving allegations against probation officers for an alleged conspiracy and violations of a citizen's constitutional rights).

Unlike the conspiracy in *Wilson*, this case concerns the filing of a presentence report which is considered an adjudicatory function. In this regard, a probation officer "acts at the specific request of the court, [when preparing a presentence report,] and submits the results of the investigation to the sentencing court for its evaluation. Charged with the duty of impartial fact finding for the court, probation officers typically serve as an arm of the sentencing judge." *Turner v. Barry*, 856 F.2d 1539, 1540 (D.C.Cir.1988) (internal quotations omitted). Due to this quasi-judicial role of probation officers, six circuits have already determined that probation officers have absolute immunity when preparing and filing presentence reports. *See Turner v. Barry*, 856 F.2d 1539 (D.C.Cir. 1988) (D.C. probation officers); *Freeze v. Griffith*, 849 F.2d 172 (5th Cir.1988) (state probation officers); *Dorman v. Higgins*, 821 F.2d 133 (2d Cir.1987) (federal probation officers); *Tripati v. INS*, 784 F.2d 345 (10th Cir.1986), *cert. denied*, 484 U.S. 1028, 108

S.Ct. 755, 98 L.Ed.2d 767 (1988) (federal probation officers); *Demoran v. Witt,* 781 F.2d 155 (9th Cir.1986) (state probation officers); *Hughes v. Chesser,* 731 F.2d 1489 (11th Cir.1984) (state probation officers). With regard to state probation officers, this is apparently a case of first impression for the Second Circuit.

For the reasons stated above, the Court finds that the defendants Joseph L. Sciarotta, Director of Nassau County Department of Probation and Diane Eich, Probation Officer, are entitled to absolute immunity in connection with their participation in the preparing and filing of the presentence report in this case. Accordingly, the defendants' motion to dismiss the Complaint is granted.

Although this determination is sufficient for the proper disposition of this case, to complete the record, the Court will address the issue of the statute of limitations raised by the defendants.

### 2. *The statute of limitations*

■ The defendants also move to dismiss the Section 1983 claim on the ground that the cause of action was filed after the statute of limitations had expired. In *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), the Supreme Court reasoned that the applicable statute of limitations in a Section 1983 claim is that of the state in which the cause of action arises. *See id.,* at 482–83, 100 S.Ct. at 1794. The applicable statute of limitations for Section 1983 cases under New York law requires the claim to be brought within a period of three years. *Pinaud v. County of Suffolk,* 52 F.3d 1139, 1156 (2d Cir.1995). In addition, Section 1983 actions filed in New York State require federal courts to "not only apply the analogous New York statute of limitations to ... [the] federal constitutional claims, but also to apply the New York rule for tolling that statute of limitations." *Tomanio,* 446 U.S. at 483, 100 S.Ct. at 1794.

■ Although it is New York State law that determines the length of the statutory period, it is federal law that determines when a Section 1983 claim accrues. *See Cullen v. Margiotta,* 811 F.2d 698, 725 (2d Cir.), *cert. denied sub nom., Nassau County Republi-*can *Committee v. Cullen,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). "The general rule [as promulgated by] the Second Circuit is that a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Woods v. Candela,* 825 F.Supp. 43, 45 (S.D.N.Y.1993), *aff'd* 13 F.3d 574 (2d Cir. 1994) (*citing Singleton v. City of New York,* 632 F.2d 185, 192 (2d Cir.1980)), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

■ After reviewing the pleadings in this case, the Court finds that it is unable to discern when the statute of limitations accrued. The plaintiff's complaint does not specify when he received a copy of the presentence report, and states only that he requested the report on May 2, 1995, but never received it. In his memorandum of law in opposition to the defendants' motion, the plaintiff does indicate that he had an opportunity to see the presentence report at the time of his sentencing on May 26, 1989. However the Court cannot consider this extraneous fact. This is a motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and the Court cannot consider this assertion which is not contained in the Complaint. Accordingly, the Court denies the motion to dismiss on the ground that the applicable statute of limitations had run.

### III. *Conclusion*

Having reviewed the submissions of both parties and for the reasons set forth above, it is hereby

**ORDERED,** that the defendants' motion to dismiss the claims under 42 U.S.C. § 1983, pursuant to Fed.R.Civ.P. 12(b)(6), based on the doctrine of absolute immunity, is granted, and the Complaint is dismissed, and it is further

**ORDERED,** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**