**David TUCKER, Plaintiff,**

v.

**Patricia KENNEY, Legal Aid Department, P.O. Harold Gross Shield No. 118, P.O. Colgan Shield No. 137, P.O. Pannaman Shield No. 145, and P.O. Kuebler, Defendants.**

**Nos. CV 96–1098(ADS), CV 96–2073(ADS).**

United States District Court, E.D. New York.

March 4, 1998.

David Tucker, Rockville Center, NY, pro se.

Garbarini & Scher, P.C. (Timothy F.X. Jones, of counsel), New York City, for Defendants Patricia Kenney and the Legal Aid Society.

Montfort, Healy, McGuire & Salley (James M. Murphy, of counsel), Garden City, NY, for Police Officer Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The pro se plaintiff, David C. Tucker ("Tucker" or the "plaintiff"), initiated these separate actions pursuant to 42 U.S.C. § 1983. The defendants Patricia Kenney and the Legal Aid Society ("Kenney" and "Legal Aid"; collectively, "the Legal Aid defendants") characterize Tucker's complaints as "somewhat incoherent and inartfully drawn. It is difficult to ascertain what the plaintiff is attempting to claim as well as the relief he is seeking." (Affirmation of Leonard Weinstock, at ¶ 3). While the Court agrees that is difficult to discern the grounds for the two lawsuits, which are set forth in nearly verbatim complaints, it appears that Tucker is contending that his constitutional rights were violated because: (1) the defendant Kenney, who served as Tucker's court-appointed attorney in State court criminal proceedings, impermissibly waived Tuckers right, pursuant to New York Criminal Procedure Law § 180.80, to be released on his own recognizance while felony charges were

pending against him; and (2) the defendant Police Officers Gross, Colgan, Pannaman and Kuebler made "false statements," arrested him without a warrant, and charged him with more serious crimes than were justified by his conduct. Presently before the Court is the motion of the Legal Aid defendants to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), and, alternatively, for judgment on the pleadings pursuant to Rule 12(c) and for summary judgment pursuant to Rule 56. The Legal Aid defendants also move to dismiss the plaintiff's State law claim for legal malpractice, to the extent that such a claim is interposed, for lack of jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), should the Court dismiss the federal Section 1983 claim.

## I. BACKGROUND

According to the Police Officer defendants' Statement Pursuant to Rule 3(g) (since re-numbered Rule 56.1) of the Local Civil Rules for the Eastern District of New York, a woman named Juanita Santana had a valid order of protection against Tucker issued by an unspecified State court. The 3(g) statement alleges that Santana filed four reports with the police alleging that Tucker had violated the order of protection, and that based on her complaints, the police arrested Tucker on December 25, 1995 on charges of Burglary in the Second Degree (New York Penal Law § 140.25) and Criminal Contempt in the Second Degree (New York Penal Law § 215.50). Tucker does not explain in his papers how the particular police officers named as defendants in this case are connected to his arrest and prosecution, but the Court assumes, for the purpose of this decision, that they took some part in his apprehension.

The day after his arrest, Tucker was arraigned in Nassau County District Court on a felony complaint charging him with criminal mischief, harassment, two counts of burglary, and fourteen counts of criminal contempt. Evidently, Tucker was incarcerated for an unspecified period of time while the charges were pending against him. It is unclear whether Tucker was indicted on these charges, or was, instead, ultimately charged with misdemeanors.

According to the Police Officer Defendants' 3(g) Statement, on February 7, 1997, Tucker was convicted, upon his plea of guilty, of two counts of Criminal Contempt in the Second Degree and Criminal Mischief in the Fourth Degree, in full satisfaction of the charges pending against him. It is unclear what sentence was imposed in connection with this conviction.

### A. The First Complaint: Docket Number CV 96–1098(ADS)

Tucker initiated his first lawsuit on March 12, 1996, by filing a complaint which was assigned Docker Number CV 96–1098. His complaint raised claims under 42 U.S.C. § 1983 against the defendants Kenney, the Legal Aid Society, and Police Officers Harold Gross, Colgan and Pannaman, alleging that the defendants violated his rights under the First, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Tenth Amendments of the Constitution.

With regard to the facts underlying Tucker's complaint against the Legal Aid defendants, according to Tucker, on December 29, 1995, several days after his arrest, he was interviewed for eligibility for court-appointed counsel. Thereafter, Kenney, a trial attorney with the Legal Aid Society, was assigned to represent him in the state court criminal proceedings. However, Tucker alleges that Kenney was on vacation from December 29, 1995 through January 4, 1996. Tucker's complaint is that under New York Criminal Procedure Law § 180.80, he had a right to be released from incarceration while the criminal charges were pending if there was no Grand Jury action or the occurrence of a preliminary hearing within approximately 144 hours of his arrest. Evidently, Tucker contends that Kenney consented to an extension of time under Section 180.80 to accommodate her vacation. Tucker's theory seems to be that had Kenney not gone on vacation during the days immediately following his arrest and consented to an extension of 180.80 time, he would have been released from incarceration while the charges were pending. Tucker also contends that the Legal Aid Society should not have assigned his case to an attorney who was on vacation during

the critical 180.80 period. Finally, Tucker asserts that Kenney's brief absence constituted an erroneous waiver of his statutory and constitutional rights to a speedy trial.

With respect to the defendant police officers, Tucker complains, without elaboration, that the officers made "false statements," arrested him without a warrant, and charged him with more serious crimes than were justified by his conduct. He neglects to explain what roles, if any, the defendant police officers played in his apprehension.

In the portion of his complaint entitled "Relief," Tucker states that he wants the Court to "Investigate the defendant[s], file the complaint in the Court, notify the parties of [the] lawsuit file[d] against them, proceed [with] the court action lawsuit, [and] protect my constitutional rights, which h[ave] been violated."

### B. The Second Complaint: Docket Number CV 96–2073(ADS)

By a complaint filed on April 26, 1996, Tucker initiated a second lawsuit, which was assigned Docket Number CV 96–2073. The only perceived difference between the first and second complaints is that the latter adds as a defendant Police Officer Kuebler, who, according to Tucker, was the "preparer of [an unspecified] deposition [in the State court criminal] case." In all other respects, the two complaints contain the identical allegations, claims and requested relief.

### C. The Motion to Dismiss by the Legal Aid Defendants

Presently before the Court is the motion of the defendants Kenney and the Legal Aid Society to dismiss the complaint pursuant to Fed.R .Civ.P. 12(b)(6) for failure to state a claim. Alternatively, the Legal Aid defendants seek a judgment on the pleadings pursuant to Rule 12(c) or summary judgment pursuant to Rule 56. These defendants contend that to state a valid Section 1983 claim, Tucker must plead adequately that the defendants acted "under color of State law." Citing substantial authority in their favor, it is the position of the Legal Aid defendants that court-appointed attorneys do not "act under color of State law" within the meaning

of Section 1983. The Legal Aid defendants further contend that to the extent Tucker articulates a State law claim for legal malpractice, the Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

While the basis for Tucker's opposition to the defendants' motion is difficult to comprehend, the Court believes it is Tucker's position that the Legal Aid defendants were acting under "color of State law" because Kenney had a duty to uphold Tucker's constitutional and statutory rights.

## II. DISCUSSION

### A. Consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides:

(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

The Court has broad discretion to consolidate cases at the pretrial stage to serve judicial economy, as long as any confusion or prejudice that may result does not outweigh efficiency concerns. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir.1990). The Court may order consolidation upon its own motion, and the consent of the parties is not required. 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice § 2383 at 262 & 259 (1971 & Supp.1992); *In re Adams Apple. Inc.*, 829 F.2d 1484, 1487 (9th Cir.1987); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir.1973). Actions involving the same parties are likely candidates for consolidation, but a common question of law or fact is sufficient. 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice § 2384 at 263–64.

Generally, consolidation does not result in a merger of the suits into a single cause. Thus, consolidated actions ordinarily

retain their separate identities and separate judgments must issue. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97, 53 S.Ct. 721, 77 L.Ed. 1331 (1933). However, this general rule addresses concerns that merger of two actions might deprive a party of a substantial right he may have had if the actions had proceeded separately to judgment. "No such concerns are present here. [Tucker's] two actions involve the same defendants[ with Officer Kuebler being the only addition to the second lawsuit], the same factual allegations and identical legal claims. The proper solution to the problems created by the existence of two or more cases involving the same parties and issues simultaneously pending in the same court is to consolidate them under Rule 42(a)." *Moore v. Am. Telephone and Telegraph Communications, Inc.*, No. 85 Civ. 4028, 1990 WL 250145, *3 (S.D.N.Y. December 21, 1990) (citing *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 [5th Cir.1984]; *District 65, UAW v. Harper & Row, Publishers, Inc.*, 576 F.Supp. 1468, 1475 [S.D.N.Y.1983]). Accordingly, the plaintiffs two actions now pending before this Court, Docket Numbers 96–1098 and 96–2073, are consolidated for all purposes under Docket Number 96–1098. The Court hereby deems the complaint in 96 CV 2073 to be an amended complaint in this action. Thus, Docket Number 96–CV 2073 is closed. *Moore v. Am. Telephone and Telegraph Communications, Inc.*, 1990 WL 250145, *3 (citing *Federal Deposit Ins. Corp. v. 279 East 161st St. Realty Corp.*, Nos. 82–6429 & 82–6428 n. 2, 1986 WL 793 [S.D.N.Y. Jan. 9, 1986]).

**B. Fed.R.Civ.P. 12(b)(6) Motion to Dismiss for Failure to State a Claim**

On a motion to dismiss for failure to state a claim, the Court should dismiss the complaint pursuant to Rule 12(10)(6) if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 42 (2d Cir.1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 [1957]). "In considering a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6), a district court must limit

itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir.1996) (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 [2d Cir. 1991]); *Paulemon v. Tobin*, 30 F.3d 307, 308–09 (2d Cir.1994).

It is not the Court's function to weigh the evidence that might be presented at a trial; instead, the Court must merely determine whether the complaint itself is legally sufficient. *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985). Thus, the Court must accept the allegations of the complaint as true, and construe all reasonable inferences in favor of the plaintiff. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996); *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991).

The Court is mindful that under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief", Fed.R.Civ.P. 8(a)(2), and that "[a]ll pleadings shall be so construed as to do substantial justice", Fed.R.Civ.P. 8(f). The issue before the Court on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995), *cert. denied*, —— U.S. ——, 117 S.Ct. 50, 136 L.Ed.2d 14, (1996). Recovery may appear remote and unlikely on the face of the pleading, but that is not the test for dismissal. *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995) (quoting *Weisman v. LeLandais*, 532 F.2d 308, 311 [2d Cir. 1976][per curium]).

Additionally, because the plaintiff is proceeding without an attorney, the Court must give wide latitude to the papers filed by the pro se litigant. *Hili v. Sciarotta*, 955 F.Supp. 177, 179 (E.D.N.Y.1997) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 [1972]). The Court recognizes that it must make reasonable allowances so that a pro se plaintiff does not forfeit his rights by virtue of his lack of legal

training. *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir.1993). By the same token, "self representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Birl v. Estelle*, 660 F.2d 592, 593 [5th Cir.1981]). It is within this framework that the Court addresses the present motion to dismiss the complaint.

## C. The Legal Aid Defendants' 12(b)(6) Motion to Dismiss

Plaintiff brings this action under 42 U.S.C. § 1983, which provides, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

■ Tucker has sued his former court-appointed counsel, Kenney, and her employer, the Legal Aid Society, for alleged violations of his constitutional rights under Section 1983. "However, it is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir.1997) (citing *Housand v. Heiman*, 594 F.2d 923, 924–25 [2d Cir.1979][per curium] and *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453–54, 70 L.Ed.2d 509 [1981]] [public defenders do not act under color of state law] ). Accordingly, the motion to dismiss by defendants Kenney and the Legal Aid Society pursuant to Rule 12(b)(6) for failure to state a claim is granted, and the complaint with respect to those defendants is dismissed with prejudice.

■ Finally, in addition to the Section 1983 claim discussed above, the plaintiff's complaint, liberally construed, may raise a State law claim for legal malpractice against the Legal Aid defendants. To the extent that this claim was interposed, the Court has jurisdiction over such a cause of action under the doctrine of supplemental jurisdiction.

Pursuant to 28 U.S.C. § 1367(a), a federal court has supplemental jurisdiction over those state law claims that "are so related" to the claims within the Court's original jurisdiction that they "form part of the same case or controversy under Article III of the United States Constitution." The Court, however, may "decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it had original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) (addressing the doctrine of "pendent jurisdiction," the predecessor to "supplemental jurisdiction"). This is especially so at the early stages of a litigation. *See Travelers Ins. Co. v. Keeling*, 996 F.2d 1485, 1490 (2d Cir.1993) (in a case where "all federal-law claims are eliminated before trial [the district court should] declin[e] to exercise jurisdiction over the remaining state law claims") (internal quotation omitted).

Having dismissed the plaintiff's Section 1983 claim against the Legal Aid defendants which serve as the Court's source of original jurisdiction in the case with respect to those defendants, the Court, in an exercise of its discretion, dismisses the remaining state law claim, without prejudice and with leave to refile, if desired, in New York State Court. At this early stage in the litigation, the plaintiff will not be prejudiced it he brings his state law claim for legal malpractice in the New York Supreme Court. The Court observes that a such a lawsuit apparently may not be time-barred under the recent amendment to New York Civil Practice Law and Rules § 214(6), which applies a three-year statute of limitations to legal malpractice claims. Assuming, without deciding, that the plaintiff's malpractice claim against the Legal Aid defendants accrued in December of 1995, when Kenney began her representation of Tucker, and without deciding the merits of the statute of limitations question, the plaintiff, should he so desire, can file a lawsuit in New York State Court.

## III. CONCLUSION

For the reasons set forth in this opinion, it is hereby

ORDERED, that the motion of the defendants Kenney and the Legal Aid Society to dismiss the complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is granted as follows: (1) the plaintiff's claim pursuant to 42 U.S.C. § 1983 against defendants Kenney and the Legal Aid Society is dismissed with prejudice; and (2) the plaintiff's New York State law claim for legal malpractice against defendants Kenney and the Legal Aid Society is dismissed without prejudice and with leave to refile, if desired, in New York State Court; and it is further

ORDERED, that the complaint against the defendants Kenney and The Legal Aid Society is dismissed as set forth above; and it is further

ORDERED, that Docket Numbers CV 96–1098 and 96–2073 are consolidated for all purposes under Docket Number CV 96–1098, that Docket Number CV 96–2073 is deemed closed, and that the Clerk of the Court is directed to close Docket Number CV 96–2073.

SO ORDERED.