[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14555
Non-Argument Calendar

_____

D. C. Docket No. 07-00285-CV-4-RH-WCS

RANDALL LAMONT ROLLE,

Plaintiff-Appellant,

versus

NICOLE RAYSOR,
BRIAN ENGLES,
DEPARTMENT OF CORRECTIONS,
LAW OFFICES OF FRANK SHEFFIELD,
M. LILIA DANDELAKE, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(March 7, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Randall Rolle appeals the dismissal of his civil rights complaint. See 42 U.S.C. § 1983. The district court concluded that Rolle's allegations that his constitutional rights were violated during a state probation revocation proceeding failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915A(b).

Rolle's complaint fails on several grounds. The central premise of Rolle's complaint that his probation revocation is invalid fails because, under Heck v. Humphrey, a state prisoner cannot "seek[] damages in a § 1983 suit" when judgment in his favor "would necessarily imply the invalidity of the conviction or sentence." 512 U.S. 477, 487, 114 S. Ct. 2374, 2372 (1994). Rolle's complaint that his federal rights were violated by the agents of the Florida Department of Corrections, the Law Office of Frank Sheffield, the Florida State Attorney's Office, the Florida Second Judicial Circuit, the Florida Office of the Attorney General, and the Florida First District Court of Appeals fails because there is no respondeat superior liability available under section 1983. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Rolle's complaint against the Florida agencies and their officers also fails because these state entities are not "persons" within the meaning of section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989). Rolle's complaint against Judge Richard L. Hood,

2

Judge Thomas Howell Bateman III, Judge Richard W. Ervin, Judge Peter D. Webster, and Judge Paul Mahlon Hawkes fails because those judges are entitled to absolute immunity. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1105 (1978). Prosecutor John Joseph Maceluch Jr., Assistant Attorney General Sherrie Rollinson, probation officer Nicole Raysor, and Raysor's supervisor, Brian Engles, are also immune from Rolle's complaint. See Imbler v. Pachtman, 424 U.S. 409, 427–28 , 96 S. Ct. 984, 993–94 (1976); Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir. 1984). Rolle's complaint against Lilia Dandelake, who represented Rolle in his probation revocation proceeding, fails because a defense attorney is not a state actor under section 1983. See Polk County v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981).

The dismissal of Rolle's complaint is **AFFIRMED**.

3