120 F.3d 269
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel PAREJO, Plaintiff-Appellant,
v.
Dennis ROBERTS, Defendant-Appellee.
 No. 95-35557.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Decided July 17, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Manuel Parejo, a Washington state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging that defendant Roberts intentionally transmitted false information during preparation of Parejo's pre-sentence report. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal as frivolous, see Denton v. Hernandez, 504 U.S. 25, 33 (1992), and we may affirm on any grounds supported by the record, see United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 
 3
 A complaint may be dismissed as frivolous if it lacks an arguable basis in either law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Here, the allegations of Parejo's complaint and those of his amended complaint deal solely with Roberts's official conduct in preparing Parejo's pre-sentence report. Roberts is absolutely immune from suit for such conduct. See Demoran v. Witt, 781 F.2d 155, 158 (9th Cir.1985); see also Anderson v. Boyd, 714 F.2d 906, 909 (9th Cir.1983). Accordingly, the district court did not err by dismissing Parejo's complaint as frivolous. See Neitzke, 490 U.S. at 325.[1]
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Although Parejo contends that the district court erred by failing to rule on his motion to amend his complaint, we have reviewed the proposed amended complaint and find that the allegations contained therein also relate to conduct for which Roberts is absolutely immune. See Franklin v. Murphy, 745 F.2d 1221, 1228 n. 9 (9th Cir.1984) (stating that leave to amend need not be granted if the amendment would be futile)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal