**Renard Truman POLK, Plaintiff–Appellant,**

v.

**Mary K. HOLTHUS; et al., Defendants–Appellees.**

No. 09–16948.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2015.*

Filed April 16, 2015.

Renard Truman Polk, Lovelock, NV, pro se.

Before: FISHER, TALLMAN, and NGUYEN, Circuit Judges.

MEMORANDUM **

Nevada state prisoner Renard Truman Polk appeals pro se from the district

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional claims in connection with his state court criminal proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) (dismissal under 28 U.S.C. § 1915(A)); *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order) (dismissal under 28 U.S.C. § 1915(e)). We affirm.

The district court properly dismissed Polk's claims against state agencies and against various defendants in their official capacities because those claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("It is clear ... that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

The district court properly dismissed Polk's claims against various state court defendants on the basis of immunity. *See Mullis v. U.S. Bankr. Court,* 828 F.2d 1385, 1390 (9th Cir.1987) (court clerks have absolute quasi-judicial immunity from a § 1983 action for damages when they perform tasks integral to the judicial process); *Ashelman v. Pope,* 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (judges are "absolutely immune from damage liability for acts performed in their official capacities"); *Demoran v. Witt,* 781 F.2d 155, 158 (9th Cir.1986) ("[P]robation officers preparing presentencing reports for state court judges are entitled to absolute judicial immunity from personal damage actions brought under section 1983."); *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutors have absolute immunity under § 1983 for "initiating a prosecution and ... presenting the State's case").

The district court properly dismissed Polk's claims related to his state criminal prosecution as barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because success on those claims would necessarily demonstrate the invalidity of his conviction. *See id.* at 486–87, 114 S.Ct. 2364.

The district court properly dismissed Polk's access-to-courts claim because Polk failed to allege actual injury. *See Lewis v. Casey,* 518 U.S. 343, 348–49, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (setting forth actual injury requirement).

The district court did not abuse its discretion in denying Polk's motion to appoint counsel because Polk did not establish exceptional circumstances. *See Palmer v. Valdez,* 560 F.3d 965, 970 (9th Cir.2009) (setting forth standard of review and factors for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

We reject Polk's contentions that the district court judge demonstrated bias and that defendants should have filed an answer to the complaint.

**AFFIRMED.**